Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5942 | **DATE** | SEP 4 2001 |
| **CASE TITLE** | Sims v. Advanta | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, Sims's motion for class certification [Doc. 32-1] is granted pending this court's approval of an elaborated definition of the class that limits the transactions at issue to consumer loans as defined by TILA.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | 59 |
| | Notified counsel by telephone. | SEP 13 2001 date docketed | |
| X | Docketing to mail notices. | | |
| | Mail AO 450 form. | LS docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

ED-7 FILED FOR DOCKETING 01 SEP 13 AM 8:43

ROSIE LEE POWELL, )
)
        Plaintiff, )
) No. 00 C 7234
   v. )
) HONORABLE DAVID H. COAR
ADVANTA NATIONAL BANK, and )
ADVANTA MORTGAGE CORP., USA, )
)
        Defendants. )

---

EDWARD SIMS, )
)
        Plaintiff, )
) No. 00 C 5942
   v. )
) HONORABLE DAVID H. COAR
ADVANTA NATIONAL BANK, and )
ADVANTA MORTGAGE CORP., USA, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Rosie Lee Powell ("Powell") and Edward Sims ("Sims") (collectively, "Plaintiffs") bring class action suits against Advanta National Bank and Advanta Mortgage Corp., USA (collectively, "Advanta"). Although Powell and Sims bring separate suits, they are related, and both cases were assigned to this Court based on relatedness. Because both parties advance

59

identical claims and the issues presented in their respective motions for class certification are also the same, this court addresses the two motions together.

Powell and Sims challenge Advanta's practice of failing to disclose that the lender is taking a security interest in personal property through a mortgage with a "1-4 Family Rider." Plaintiffs' complaint alleges that the Truth in Lending Disclosure Statements issued by Advanta violate the Truth in Lending Act ("TILA"), 15 U.S.C. § 1638, and its accompanying Regulation Z, 12 C.F.R. § 226.18. Plaintiffs seek statutory damages pursuant to 15 U.S.C. § 1640.

Federal Rule of Civil Procedure 23 permits a class action to be maintained if (1) the class is so numerous that joinder of all class members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly or adequate protect the interests of the class. Fed. R. Civ. P. 23(a); Romaker v. Crossland, No. 94 C 3328, 1996 WL 254299 at *1 (N.D. Ill. May 10, 1996). In addition, the court must also find: (1) that the prosecution of separate actions by the individual class members would create a risk of inconsistent adjudications or substantially impair the abilities of other class members to protect their interests; (2) that the party opposing the class has acted or failed to act on grounds generally applicable to the class, thereby making injunctive or declaratory relief appropriate for the class; or (3) that common questions of law or fact predominate over questions affecting only individual members and the class action is the best method for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b); Romaker, 1996 WL 254299 at *1. The party seeking certification bears the burden of proving that its action is appropriate as a class action and that it

satisfies all of the requirements of Rule 23. <u>Trotter v. Klincar</u>, 748 F.2d 1177, 1184 (7th Cri. 1984).

Advanta's sole objection is that individual issues preclude the certification of a class, thus defeating the requirements of commonality, typicality, and predominance. Advanta correctly points out that business transactions are not subject to TILA. <u>See</u> 15 U.S.C. § 1603(1) (exempting "credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes"). Thus, Advanta's argument goes, each putative class member must demonstrate that her loan qualifies as a consumer transaction, defined in TILA as a transaction:

> in which the party to whom credit is offered or extended is a natural person, and the ... property ... which [is] the subject of the transaction [is] primarily for personal, family, or household purpose.

15 U.S.C. § 1602(h). Advanta insists that the putative class members must make individual showings that the primary purpose of the loan was personal and not commercial. This court disagrees. This court adopts the position taken by court in <u>Romaker</u>, which rejected an identical argument:

> Defendant argues that individual issues predominate because defendant was not required to make TILA disclosures to those who were borrowing to purchase multiple units for a business purpose. Since some class members whose loans contained the 1-4 Family Rider were borrowing for a business purpose, so the argument goes, defendant would be entitled to examine each class member on the question. However, this problem can be resolved simply by defining the class so as not to include those who were borrowing for a business purpose. To determine who should be excluded from the class on this basis, which would be shown by facts such as the number of days they intended to occupy the property per year, the parties can create a questionnaire to be sent to potential class members along with the class notification materials.

1996 WL 254299 at *2.

Advanta's concern, although legitimate, does not preclude class certification.[1] As long as the class is fashioned narrowly so as to include only those members who borrowed for consumer purpose as defined by TILA, the class may be preserved. The loan application on file with Advanta will indicate the purpose of the loan.[2] As noted in Romaker, questionnaires may be appropriate to determine the purpose of the loan. In the alternative, borrowers could be required to submit documentation showing the purpose of their loan as a prerequisite to sharing in any recovery. These protections will ensure that the class is comprised of those whose loans are subject to TILA. Accordingly, Plaintiffs are directed to submit an elaborated definition of the class so as to limit it to only those putative members whose credit extensions are governed by TILA as consumer transactions. With those limitations in place, the court finds that such a proposed class[3] satisfies the criteria for class certification as set forth in Fed. R. Civ. P. 23.

First of all, joinder of all members of the class would be impracticable. Counsel for Powell estimates that the class contains 500-600 members.[4] Advanta is a national lender which makes hundreds of loans each year in the Chicago area. The 1-4 Family Rider, the form that

---

[1] Advanta also seeks to cross-examine each putative class member prior to certification to determine whether the loan is for consumer purposes, but the court rejects such a proposition as too burdensome and intrusive upon absent class members.

[2] For example, the Uniform Residential Loan Application requires each borrower to state the purpose of the loan and whether the property will serve as the borrower's "primary residence." By law, these documents are required to be preserved and should be contained in each loan file.

[3] Plaintiffs are directed to submit to the court an elaborated definition of the proposed class so as to limit it to those whose claims will be governed by TILA.

[4] In fact, in their Response In Opposition to Sims's Motion for Class Certification, Advanta concedes that the numerosity requirement has been met. See Def. Resp. at 4.

Plaintiffs take issue with, is a standard document used throughout the mortgage industry for refinancing of multi-unit properties. Given Advanta's large volume of business, it may be reasonably inferred that the proposed class is sufficiently numerous. See In re VMS Securities Litigation, 136 F.R.D. 466, 473 (N.D. Ill. 1991) (noting that courts may make "common sense assumptions" in considering the numerosity requirement); Cox v. Joe Rizza Ford, Inc., No. 94 C 5688, 1996 WL 65994, at *7 (N.D. Ill. Feb. 9, 1996) (concluding from defendant's volume of business and use of standardized forms that numerosity requirement was satisfied).

Second, Plaintiffs' claims are typical of the claims of the class. A claim is typical if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and [the] claims are based on the same legal theory." Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th Cir. 1992). By definition, the class members obtained a residential mortgage loan with an attached 1-4 Family Rider from Advanta and received a TILA Disclosure Statement that failed to disclose the security interest in the personal property. In other words, the class members allege that they were subject to the same wrongful practice and advance the same legal theory.

Third, Plaintiffs have demonstrated that they will fairly and adequately represent the class. Powell's and Sims's interests, which are identical to those of the class, are not antagonistic to those of the class, and they appear to be ligating vigorously on behalf of the class. Plaintiffs have appointed experienced and qualified counselors whose resumes reflect extensive trial experience, especially in the area of class action and consumer litigation.

Lastly, class certification is appropriate under Fed. R. Civ. P. 23(b)(3). Common questions of law and fact predominate over any questions affecting only individual class

members. The alleged TILA violation is the same for each class member, as they all allege that Advanta's standard practice of issuing 1-4 Family Riders and taking a security interest in property without proper disclosure violated TILA. Moreover, a class action is the best method for litigating this claim. The recovery available to each class member is not so significant, making it cost-prohibitive to initiate individual actions. In view of the hundreds of potential class members, too, a class action offers the most efficient method in terms of conserving the resources of the court.

## Conclusion

For the foregoing reasons, Sims's and Powell's motions for class certification are granted pending this court's approval of an elaborated definition of the class that limits the transactions at issue to consumer loans as defined by TILA.

Enter:

_____
David H. Coar
United States District Judge

Dated: **SEP 4 2001**

-6-

Separator Page for Case Number 1:00-cv-02552
Document Number: 12
Docketed By: ls







Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2552 | **DATE** | 9/**__**/2001 |
| **CASE TITLE** | TORREY JOHNSON vs. UNITED STATES, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DEFENDANT UNITED STATES' MOTION TO REOPEN AND RELEASE FUNDS IN THE AMOUNT OF $114,900

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due **__**.
(3) ☐ Answer brief to motion due **__**. Reply to answer brief due **__**.
(4) ☐ Ruling/Hearing on **__** set for **__** at **__**.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on **__** set for **__** at **__**.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on **__** set for **__** at **__**.
(7) ☐ Trial[set for/re-set for] on **__** at **__**.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to **__** at **__**.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter order directing the Clerk of Court to release funds in the amount of $114,900 to the United States Marshal for the Northern District of Illinois pursuant to order of forfeiture.**

(11) ■ [For further detail see

| | | | |
|---|---|---|---|
| ☐ No notices required, advised in open court. | | number of notices | **Document Number** |
| ☐ No notices required. | | SEP 1 3 2001 | |
| ☐ Notices mailed by judge's staff. | | date docketed | 12 |
| ☐ Notified counsel by telephone. | | 15 | |
| ✓ Docketing to mail notices. | FILED FOR DOCKETING | docketing deputy initials | |
| ☐ Mail AO 450 form. | 01 SEP 10 PM 9:10 | | |
| ☐ Copy to judge/magistrate judge. | | date mailed notice | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 13 2001

TORREY JOHNSON,　　　　　　　　)
　　　　　　　　　　　　　　　　 )
　　　　　Plaintiff,　　　　　　 )　　No. 00 C 2552
　　　　　　　　　　　　　　　　 )
　　v.　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　 )　　Judge Zagle
UNITED STATES OF AMERICA,　　　 )
et al.,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　 )
　　　　　Defendants.　　　　　　)

## ORDER TO RELEASE FUNDS IN THE AMOUNT OF $114,900

This matter coming before the court upon the United States of America's motion to re-open this case for entry of an order releasing the funds in the amount of $114,900 held in this instant case by United States Clerk of the Court to the United States Marshals Service, and the court being fully advised in the premises, the court hereby finds as follows:

　　a)　　On April 27, 2000, plaintiff Torrey Johnson ("Johnson") deposited funds in the amount of $114,900 ("funds") with the Clerk of the Court for the Northern District of Illinois;

　　b)　　On the same day, Johnson filed this interpleader action to adjudicate his claim to the funds that the government might seize as proceeds of a criminal enterprise. Johnson stated that the funds were a gift, a briefcase full of cash, from Geok Soo Lim;

　　c)　　On September 11, 1999, well before this action was filed, Geok Soo Lim was charged with bank fraud in a criminal complaint filed in the case *United States v. Geok Soo Lim*, 99 CR 689 (N.D.Ill.) ("the Criminal Case");

　　d)　　On July 18, 2000, a superseding indictment was returned in the Criminal Case also charging defendant Geok Soo Lim with bank fraud, in violation of 18 U.S.C. § 1344;

12

e) Both the criminal complaint and the superseding indictment sought forfeiture to the United States of specific property, pursuant to 18 U.S.C. § 982(a)(2);

f) On July 31, 2000, United States District Judge Matthew F. Kennelly entered a restraining order in the Criminal Case, that prohibited and enjoined, Torrey Johnson, Gregory Bedell, and/or Mark Schmidt, from attempting or completing any transaction that would affect the disposition of, or otherwise remove from the jurisdiction of the Court, all or any part of their interest, direct or indirect, in the funds;

g) On the same day, the United States filed a motion to dismiss this instant case stating that 21 U.S.C. § 853(k) prohibited Johnson from maintaining his suit. This Court agreed and dismissed this case on September 14, 2000;

h) Beginning on March 12, 2001, a bench trial was held before Judge Kennelly in the Criminal Case;

i) On March 16, 2001, Judge Kennelly returned a verdict in Criminal Case of guilty against defendant Geok Soo Lim on several counts of the superseding indictment, thereby making certain property subject to forfeiture pursuant to 18 U.S.C. § 982(a)(2);

j) On April 17, 2001, Judge Kennelly entered a preliminary order of forfeiture in the Criminal Case in which all right, title and interest of defendant Geok Soo Lim in the funds, among other assets, was forfeited to the United States of America for disposition according to law, pursuant to 18 U.S.C. § 982(a)(2);

k) Pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 18 U.S.C. § 982(b)(1), following entry of the preliminary order, the United States Marshal was authorized to seize and take custody of the funds for disposition as the Attorney General may direct;

2

1) As of this time, the United States Marshal has not been able to seize and take custody of the funds, as the Clerk of the Court requires authorization from this court to release the funds. Therefore, it is necessary to reinstate this case for the limited basis of releasing the funds held by the Clerk of the Court to the United States Marshals Service.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED that:

1. This case is re-opened for the limited basis of ordering the release of the funds in the amount of $114,900 held by the Clerk of the Court;

2. The Clerk of the Court shall release the funds in the amount of $114,900 to the United States Marshal;

3. According to the terms of the preliminary order entered in the in the Criminal Case, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 18 U.S.C. § 982(b)(1), the United States Marshal shall seize and take custody of the funds for disposition as the Attorney General may direct;

4. The court shall retain jurisdiction over this action for the purpose of implementing and enforcing this order.

ENTERED:

*James B. Zagel*

JAMES B. ZAGEL
United States District Judge

Dated: SEP 7 2001

3